UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAMANTHA CARTER,<br><br>                    Plaintiff,<br><br>          v.<br><br>CITY OF HERMOSA BEACH, et al.,<br>                    Defendants. | Case No. 2:19-07236-PA (ADS)<br><br><br>**ORDER DISMISSING ACTION FOR FAILURE TO PROSECUTE** |

## I.    <u>INTRODUCTION</u>

Plaintiff Samantha Carter, proceeding <u>pro se</u>, filed a Complaint under 42 U.S.C. § 1983.  [Dkt. No. 1].  On October 10, 2019, the Court granted a Motion to Dismiss filed by Defendants, dismissing the Complaint with leave to amend by no later than November 9, 2019.  [Dkt. No. 16].  On November 18, 2019, the Court issued an Order to Show Cause Why Case Should Not Be Dismissed for Failure to Prosecute.  [Dkt. No. 17]. Despite warnings that that case may be dismissed, Plaintiff has not filed any response to the October 10, 2019 Order Dismissing with Leave to Amend, or November 18, 2019

Order to Show Cause. The last filing Plaintiff submitted to the Court was on September 18, 2019. [Dkt. No. 12].

## II.   **<u>DISCUSSION</u>**

Dismissal of this action is warranted due to Plaintiff's failure to prosecute the case and comply with court orders. The Court has the inherent power to achieve the orderly and expeditious disposition of cases by dismissing actions pursuant to Fed. R. Civ. P. 41(b) for failure to prosecute and failure to comply with a court order. See <u>Link v. Wabash R.R. Co.</u>, 370 U.S. 626, 629-30 (1962); <u>see</u> <u>also</u> <u>Pagtalunan v. Galaza</u>, 291 F.3d 639, 640 (9th Cir. 2002). The Court weighs the following factors when determining whether to dismiss an action for failure to comply with a court order or failure to prosecute: (1) the public's interest in the expeditious resolution of litigation; (2) the Court's need to manage its docket; (3) the risk of prejudice to the defendant; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions. <u>Pagtalunan</u>, 291 F.3d at 642.

Here, the first, second, third, and fifth factors weigh in favor of dismissal. First, Plaintiff has failed to engage with this case in any way since September 18, 2019 and failed to file an amended complaint in response to the Court's October 10, 2019 Order Dismissing with Leave to Amend or to the November 18, 2019 Order to Show Cause. This failure to prosecute the case has interfered with the public's interest in the expeditious resolution of this litigation and the Court's need to manage its docket. See <u>Yourish v. California Amplifier</u>, 191 F.3d 983, 990 (9th Cir. 1999) ("[T]he public's interest in expeditious resolution of litigation always favors dismissal."). Second, Plaintiff has failed to rebut the presumption that defendants have been prejudiced by this unreasonable delay. <u>In re Eisen</u>, 31 F.3d 1447, 1452-53 (9th Cir. 1994) ("The law

presumes injury from unreasonable delay.") (quoting <u>Anderson v. Air West, Inc.</u>, 542 F.2d 522, 524 (9th Cir. 1976)).  Third, there is no less drastic sanction available as the Court has warned Plaintiff multiple times that the case would be dismissed. Accordingly, the Court has taken meaningful steps to explore alternatives to dismissal. <u>See</u> <u>Henderson v. Duncan</u>, 779 F.2d 1421, 1424 (9th Cir. 1986) ("The district court need not exhaust every sanction short of dismissal before finally dismissing a case, but must explore possible and meaningful alternatives.").  Finally, although the fourth factor always weighs against dismissal, here Plaintiff's failure to discharge her responsibility to move the case towards a disposition outweighs the public policy favoring disposition on the merits.  <u>Morris v. Morgan Stanley Co.</u>, 942 F.2d 648, 652 (9th Cir. 1991) ("Although there is indeed a policy favoring disposition on the merits, it is the responsibility of the moving party to move towards that disposition at a reasonable pace, and to refrain from dilatory and evasive tactics.").  Having weighed these factors, the Court finds that dismissal of this action with prejudice is warranted.

### III.  <u>CONCLUSION</u>

Accordingly, this action is dismissed with prejudice for failure to prosecute. Judgment is to be entered accordingly.

**IT IS SO ORDERED**.

Dated:  January 2, 2020

_____
PERCY ANDERSON
United States District Judge

Presented by:

_____/s/ Autumn D. Spaeth_____
THE HONORABLE AUTUMN D. SPAETH
United States Magistrate Judge